SEVILLE INDUSTRIAL MACHINERY
CORP., Appellant

v.

SOUTHMOST MACHINERY CORP., Tri-State Machinery Corp., Norman Gellman, individually and doing business as Southmost Machinery Corp., and Tri-State Machinery Corp., and Paolo Alfieri, individually and doing business as Southmost Machinery Corp.

No. 83–5575.

United States Court of Appeals,
Third Circuit.

Argued May 14, 1984.

Decided Sept. 6, 1984.

As Amended Sept. 17, 1984.

Arthur H. Rosenberg (argued), New York City, for appellant.

Michael B. Himmel (argued), Alain Leibman, Greenbaum, Greenbaum, Rowe, Smith, Bergstein, Yohalem & Bruck, Newark, N.J., for appellees.

Before GIBBONS and HUNTER, Circuit Judges, and SYLVIA H. RAMBO,[*] District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This appeal arises from a dismissal with prejudice of a civil complaint charging violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 (1982), along with pendent state claims for fraud, breach of contract, and conversion. These claims arose from a series of transactions spanning a twenty-one month period and involving the sale of some seven hundred pieces of industrial equipment.

Plaintiff, Seville Industrial Machinery Corp. ("Seville"), alleges that defendants, Southmost Machinery Corp. ("Southmost"), Tri-State Machinery Corp. ("Tri-State"), Norman Gellman, and Paolo Alfieri,[1] fraudulently induced Seville to enter into various purchase, consignment, joint venture and service agreements regarding this machinery, and that this fraud constituted a "pat-

---

[*] Honorable Sylvia H. Rambo, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[1] Alfieri was never served with the summons or complaint and has not entered an appearance at any stage of this litigation.

tern of racketeering" in violation of RICO, 18 U.S.C. § 1962(b), (c), & (d) (1982).

The United States District Court for the District of New Jersey dismissed the complaint on defendants' motion. 567 F.Supp. 1146 (D.N.J.1983). The district court judge dismissed Count One for failing to plead the elements of a RICO offense properly, Fed.R.Civ.P. 12(b)(6), and for failing to plead the underlying acts of fraud with sufficient particularity, Fed.R.Civ.P. 9(b). The judge dismissed the remaining state law claims for lack of pendent jurisdiction. We believe that the district court erred in concluding that Count One did not state a cause of action under RICO, and in concluding that the underlying fraud was not pleaded with sufficient particularity. Consequently, we will reverse in part, affirm in part, and remand to the district court for further proceedings.

## I

Seville is a New Jersey corporation engaged in the business of buying and selling industrial machinery.[2] Southmost, a Texas corporation, and Tri-State, a New Jersey corporation, are also in the business of buying and selling industrial machinery. Gellman is an officer and controlling person of Southmost and of Tri-State, and Alfieri is an officer and controlling person of Southmost.

Seville alleges that beginning in May, 1981, it was induced by defendants to enter into a number of sale and other transactions involving over seven hundred pieces of industrial machinery, listed in Exhibits A through E attached to the complaint. Specifically, Seville alleges that defendants caused Seville to ship to them the machinery described in Exhibits A to C on consignment, representing that when the machinery was resold defendants would remit to Seville its purchase price along with

fifty percent of the profits from resale. Second, Seville alleges that defendants induced it to enter into a joint venture to purchase the equipment described in Exhibit B for resale by defendants, promising to pay to Seville its pro rata share of the profits and of the cost of acquisition. Third, Seville alleges that it sold the machinery described in Exhibit D to defendants, on defendants' promise to pay Seville its purchase price. Finally, Seville alleges that it agreed to provide certain services in connection with the sale of the equipment listed in Exhibit E, on defendants' promise of compensation for those services. App. at 5–8.

Defendants never fulfilled their promises to pay Seville under these consignment, joint venture, purchase and service contracts. Seville alleges in its complaint that defendants made numerous fraudulent misrepresentations and omissions of material facts in each of these transactions, and that Seville relied on these misrepresentations and omissions in shipping the seven hundred pieces of machinery to defendants.

Count One of Seville's complaint alleges that defendants have violated the provisions of RICO by these actions. That Act makes it unlawful, *inter alia*, for any person[3] to acquire or maintain any interest in or control of an "enterprise" through "a pattern of racketeering activity." 18 U.S.C. § 1962(b) (1982). RICO also makes it unlawful for any person employed by or associated with any enterprise to conduct the affairs of the enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c) (1982).

An "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact though not a legal entity." 18 U.S.C. § 1961(4) (1982).[4] "Racketeering activity"

---

**2.** As we must in reviewing grants of motions to dismiss, we take as true the well-pleaded facts alleged in the complaint.

**3.** "[P]erson" is defined to include "any individual or entity capable of holding a legal or benefi-

cial interest in property." 18 U.S.C. § 1961(3) (1982).

**4.** Because RICO was enacted pursuant to the commerce clause, it extends only to acts involving an enterprise "engaged in, or the activities

is defined to include state law crimes such as murder, bribery, and extortion, and a specified list of federal crimes that includes mail fraud, 18 U.S.C. § 1341 (1982), wire fraud, *id.* § 1343 (1982), and interstate transportation and sale of stolen and fraudulently obtained goods, *id.* §§ 2314–2315 (1982). 18 U.S.C. § 1961(1) (1982). A "pattern of racketeering activity" requires at least two acts of racketeering activity within a ten year period. 18 U.S.C. § 1961(5) (1982).

In brief, RICO makes it unlawful to acquire or maintain control of an enterprise—broadly defined to include virtually any *de facto* or *de jure* association—through a pattern of criminal activity, or to use such an enterprise to engage in a pattern of criminal activity. 18 U.S.C. § 1962(b), (c) (1982). It is also unlawful to conspire to perform these acts. 18 U.S.C. § 1962(d) (1982). While RICO is primarily a criminal statute, it also provides for civil remedies, including a cause of action for treble damages, available to "[a]ny person injured in his business or property by reason of a violation of section 1962 ...." 18 U.S.C. § 1964(d) (1982). Count One of Seville's complaint is stated to have been brought pursuant to this section.

Seville alleges that the four defendants, Southmost, Tri-State, Gellman, and Alfieri, are "enterprises" within the meaning of the Act, and that defendants in the course of their scheme violated federal laws prohibiting wire fraud, mail fraud and interstate transportation of stolen or fraudulently obtained goods. Seville alleges that defendant Gellman, through this pattern of racketeering activity, maintained an interest in or control of Southmost and Tri-State in violation of section 1962(b). Seville further alleges that Gellman, through his employment and association with Southmost and Tri-State, conducted their activities through this pattern of racketeering activity in violation of section 1962(c). Seville alleges similar violations with respect to

of which affect, interstate or foreign com-

Alfieri and his control of and association with Southmost.

The district court ruled that Count One did not properly plead the existence of any "enterprise," and further that the underlying allegations of fraud lacked the particularity required by Fed.R.Civ.P. 9(b). He dismissed the complaint without leave to amend, stating, "A RICO cause of action has not been pleaded and probably cannot be pleaded in the circumstances set forth in the complaint." 567 F.Supp. at 1158.

## II

### A. Pleading the Existence of an Enterprise

■ Seville in its complaint alleged that "[d]efendants Southmost, Tri-State, Gellman and Alfieri are enterprises ...." App. at 4. The district court conceded that each of the defendants fell within the literal meaning of the definition of "enterprise" provided in section 1961(4). But, the court concluded, Seville's complaint was deficient because it did not further allege the three attributes of an enterprise outlined by this court in *United States v. Riccobene,* 709 F.2d 214 (3d Cir.), *cert. denied sub nom. Ciancaglini v. United States,* — U.S. ——, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983).

*Riccobene* analyzed and explained a Supreme Court case, *United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), which like *Riccobene* involved an appeal from conviction under RICO's criminal provisions. In *Riccobene* this court stated that in order to establish the existence of an enterprise, the government must demonstrate 1) that the enterprise is an ongoing organization with some sort of framework or superstructure for making or carrying out decisions; 2) that the members of the enterprise function as a continuing unit with established duties; and finally 3) that the enterprise must be separate and apart from the pattern of

merce." 18 U.S.C. § 1962(b) & (c) (1982).

activity in which it engages. 709 F.2d at 221–24. The court below ruled that because Seville failed to plead these three attributes, Count One did not state a cause of action under RICO and must be dismissed.

In so ruling, the district court confused what must be pleaded with what must be proved. *Riccobene* and *Turkette* certainly stand for the proposition that a plaintiff, to recover, must prove that an alleged enterprise possesses the three described attributes. But neither case speaks to what must be pleaded in order to state a cause of action. The district court erred in applying the *Riccobene-Turkette* proof analysis to the allegations in Seville's complaint.

We need cite no authority for the proposition that the Federal Rules of Civil Procedure were designed to eliminate the vagaries of technical pleading that once plagued complainants, and to replace them with the considerably more liberal requirements of so-called "notice" pleading. Under the modern federal rules, it is enough that a complaint put the defendant on notice of the claims against him. It is the function of discovery to fill in the details, and of trial to establish fully each element of the cause of action. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1215 (1969).

■ In the present case, Seville identified the four entities it believed were the enterprises that had been marshalled against it.[5] The rules of pleading require

nothing more at this early juncture than that bare allegation.

■ Because it dismissed Count One for failing to plead an enterprise properly, the district court discussed but did not decide another issue raised by defendants— whether a defendant may also be an enterprise. The essence of the RICO offense is a defendant acting through or upon an enterprise. Some courts have suggested that because both a defendant and an enterprise are required to make out the offense, they cannot be the same entity. *See, e.g., United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190 (4th Cir. 1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *Parnes v. Heinold Commodities, Inc.,* 548 F.Supp. 20, 23–24 (N.D.Ill.1982). The district court was uncertain whether, by identifying three elements of a RICO offense in *Riccobene,* we implied that no fourth element— that is, separate identities of defendants and enterprises—exists. We need not decide this question here. As we have already held, the *Riccobene* proof standard is simply inapplicable to test the sufficiency of pleadings in a RICO case.

We conclude that Seville has properly alleged the existence of four separate enterprises, and reverse the part of the district court's judgment that held to the contrary.

### B. *Pleading Fraudulent Acts With Particularity*

A second reason given by the district court for dismissing Count One of Seville's

---

5. In the district court and in its brief on appeal, Seville attempts to argue that it properly pleaded more enterprises than these four, and that its complaint should be read to allege as an enterprise any possible combination of the four named enterprises. To support this position, Seville relies on its allegations in the complaint that the four defendants/enterprises conspired with each other to defraud Seville.

The district court rejected this argument on the ground that a conspiracy to perform the underlying criminal offenses, standing alone, is not sufficient to allege the existence of an enterprise. 567 F.Supp. at 1152. We agree. It is an essential element of the RICO cause of action

that the "enterprise" be apart from the underlying pattern of racketeering activity. By limiting its allegations of conspiracy to the underlying offenses, Seville has affirmatively negated the existence of the third *Riccobene* factor: an enterprise separate and apart from the pattern of activity in which it engages. By its pleading, Seville has precluded itself from proving at trial that the four defendants together, or any lesser combination, formed an "enterprise." Unless the district court allows Seville to amend its complaint, Seville will be permitted to establish as enterprises only the four entities it specifically identified as such in its complaint.

complaint is that Seville failed to plead the circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with the particularity required by Rule 9(b). Seville charged defendants with violating federal wire and mail fraud statutes, and with violating federal laws prohibiting the interstate transportation and sale of fraudulently obtained goods. The district court found the allegations of fraud inherent in each of these offenses deficient because Seville did not describe the date, place or time of the phone calls and letters that defendants allegedly used in furtherance of their fraudulent scheme. In addition, the district court objected that the complaint failed to set forth "with even minimal particularity the details of the alleged fraud or misrepresentations." 567 F.Supp. at 1156.

We approach this question mindful of our recent admonition that in applying Rule 9(b), "focusing exclusively on its 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'" *Christidis v. First Pennsylvania Mortgage Trust,* 717 F.2d 96, 100 (3d Cir.1983) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298, at 407 (1969)). We conclude that the district court subjected Seville's allegations of fraud to too strict a scrutiny. Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud. In the present case, Seville adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with great specificity the pieces of machinery that were the subject of the alleged fraud. Moreover, Seville divided this list into five "exhibits" and identified which pieces of equipment were the subject of which alleged fraudulent transaction. The complaint sets forth the nature of the alleged misrepresentations, and while it does not describe the precise words used, each allegation of fraud adequately describes the nature and subject of the alleged misrepresentation.[6] In sum, we conclude that Seville has alleged the fraud-based offenses with sufficient particularity to withstand a motion to dismiss under Rule 9(b).

The district court also found that Seville's allegation that defendants had violated 18 U.S.C. §§ 2314 & 2315 (1982), prohibiting the interstate transportation and sale of stolen or fraudulently obtained goods worth more than $5,000, insufficient because although Seville alleged total damages amounting to $759,039, it failed to allege that the goods in question were worth more than $5,000.

Plaintiffs would have been well advised to plead the $5,000 requirement with greater specificity, as it is an essential element of the offense. But here again, the district court read Seville's allegations too strictly. Rule 8(f) requires a court scrutinizing pleadings to construe them "as to do substantial justice." By refusing to construe Seville's allegations that defendant transported and sold, or caused to be transported and sold, the machinery in interstate commerce, App. at 7, together with Se-

---

**6.** For example, ¶ 11B describes one of the alleged acts of fraud:

> [Defendants] [r]epresented to Seville that if the industrial machinery listed in Exhibits A and C were shipped on consignment to either Southmost, Tri-State, Gellman or Alfieri, that the industrial machinery would be resold, and that the purchase price paid by Seville for this equipment along with a 50% pro rata share of the profits resulting from resale would be distributed and paid back to Seville.

App. at 5–6.

ville's allegations that it was thereby injured to the extent of $754,039, the district court failed to heed the admonition of Rule 8(f). Plaintiff must, of course, be prepared at trial to prove with certainty that the goods transported and sold by defendants were worth more than $5,000; but we will not deny Seville the opportunity to do so by reading its allegations as narrowly as did the district court. We hold that Seville has properly pleaded that defendants' conduct violated 18 U.S.C. §§ 2314 & 2315 (1982).[7]

## III

■ Seville has properly pleaded the elements of a claim alleging violations of section 1962(b) and section 1962(c),[8] and the district court consequently erred in dismissing Count One of Seville's complaint.

In accordance with the foregoing opinion, we will reverse the judgment of the district court in part, affirm in part, and remand for further proceedings consistent with this opinion.

---

7. The district court also held that Seville had failed to plead the interstate component of the § 2314 and § 2315 offenses with the required particularity, since it had not alleged where and when the alleged transportation of fraudulently obtained goods occurred. The court applied Rule 9(b) to reach this holding. We hold this to be error. Rule 9(b) requires that fraud be pleaded particularly; it does not require that every element of an offense that includes fraud also be pleaded particularly. Seville adequately pleaded the interstate component of the offenses.

8. The district court found insufficient Seville's claim that defendants had violated § 1962(d), which makes it unlawful to conspire to violate § 1962(b) or § 1962(c). We affirm the district court's dismissal of this conspiracy claim. Seville's complaint alleges only that the defendants conspired to commit the acts of fraud that constitute the alleged pattern of racketeering activity. As the district court correctly noted, § 1962(d) prohibits conspiracies to knowingly further the affairs of the enterprise; mere agreement to commit the predicate acts is not sufficient to support a charge of conspiracy under § 1962(d).