**William A. GARDNER and Sidney L. Hofing**

v.

**Frank SURNAMER, and Bruce Rothrock and Saul Schussel.**

Civ. A. No. 82–2723.

United States District Court, E.D. Pennsylvania.

Oct. 17, 1984.

Jeffrey B. Albert, Philadelphia, Pa., for plaintiffs.

Leon H. Kline, Philadelphia, Pa., for Rothrock.

Edw. C. McCardle, Allentown, for Schussel.

Alan M. Black, Allentown, for Surnamer.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

In this civil action, plaintiffs William A. Gardner and Sidney L. Hofing, have sued defendants, Frank Surnamer, Bruce Rothrock and Saul Schussel, in connection with the sale, by defendants Surnamer and

Rothrock, of 51% of the stock of Jordan Industries, Inc. ("Jordan") and of 50% interest in central Valley Real Estate ("Central Valley"). Plaintiffs allege, in a five count complaint, that defendants fraudulently concealed from them and misrepresented to them material facts relating to the financial condition of Jordan. In Count One, plaintiffs allege a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"); in Count Two plaintiffs allege a violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and certain regulations promulgated thereunder; in Count Three, plaintiffs allege fraud, in violation of state common law; in Count Four, plaintiffs allege breach of warranties under state law; and in Count Five, plaintiffs allege that defendants Surnamer and Schussel have refused to turn over to them the books and financial records of Jordan, in violation of state common law.

Before me are defendants' motions to dismiss the complaint. For the reasons which I state below, the motions will be granted in part and denied in part.

In deciding a motion to dismiss, I must take as true all well pleaded allegations and I must resolve all reasonable inferences to be drawn from those allegations in the light most favorable to the plaintiffs as the non-moving parties. Dismissal is appropriate only when it appears beyond doubt that plaintiffs "can prove no set of facts in support of [their] claim which would entitle [them] to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Rogin v. Bensalem Township,* 616 F.2d 680, 685 (3d Cir.1980); *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 444 (3d Cir.1977).

### The Complaint

Plaintiffs contend that after they purchased the Jordan stock and the interest in Central Valley, they discovered that defendants had fraudulently concealed and misrepresented material facts concerning the two businesses, including:

1. Jordan's capital stock and paid-in surplus had been represented to be $280,000 when in fact they were worth no more than $251,848;

2. The debt which had been represented to be owed by Jordan to Surnamer ($38,-000) was in fact assigned to a bank for collateral on the bank's loans to Jordan;

3. Jordan had been represented as having no outstanding prepayments of rent, when in fact it had prepaid rents of $18,000 to defendants Surnamer and Rothrock;

4. Jordan had been represented as having no sums due for workmen's compensation premiums when in fact Jordan owed $10,512 for which it has since been sued;

5. Jordan had been represented as owning nothing to the Edward A. Lynch Machinery Co., when in fact $28,276 was owed; Jordan had also been represented as having a $14,376 reduction in accounts payable to that company, when in fact that sum was merely a deposit;

6. Jordan's investment in its subsidiary, Weldel, Inc., had been represented as $80,-000 when in fact it was only $8,000;

7. Defendants Surnamer and Rothrock had appropriated $13,000 from the Jordan account for themselves when there was no liability to them for such an amount;

8. Defendants Surnamer and Rothrock had appropriated $12,000 from the Jordan account for services performed on property owned by Surnamer and not acquired by plaintiffs in the sale;

9. Defendants failed to reveal the existence of a corporate supplier, Blue Valley Service, and accounts payable to it;

10. Defendants knew that Jordan had been pricing its goods well below the levels necessary to maintain profitable levels; and

11. Defendants had failed to prepare and maintain financial statements in accordance with generally accepted accounting principles.

### Count I

Plaintiffs allege that the above conduct constitutes a violation of RICO. Section 1962(c) of RICO provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity ....

18 U.S.C. § 1962(c). Section 1964 provides that "any person injured in his business or property by reason of a violation of section 1962 ... may sue therefor ... and shall recover three-fold the damages he sustains...." *Id.* at § 1964(c). Plaintiffs allege that defendants have participated in the conduct of the affairs of Jordan (the "enterprise") by engaging in at least two acts of mail fraud and wire fraud within the period from November 30, 1980 to September 10, 1981, and that plaintiffs have suffered injury to and loss of business and property by giving valuable consideration for the Jordan stock, which was in fact worth much less than defendants had represented to them. From these allegations, it would appear that plaintiffs' complaint in Count I should survive a motion to dismiss under the standard set forth above. However, Count I must be dismissed because plaintiffs have not sufficiently alleged any injury to their business or property by reason of a violation of section 1962, as required by section 1964(c). Plaintiffs must show injury different in kind from that occurring as a result of the predicate acts themselves, that is, not simply caused by the predicate acts themselves, but also caused by an activity which RICO was designed to deter. In reaching this conclusion, I am well aware that some courts (and commentators) have given a broad reading

to the civil RICO provisions and have allowed plaintiffs to bring federal actions under RICO whenever they could allege injury caused by two acts which are violations of any one of the predicate acts listed in RICO. After examination of the legislative history of RICO, however, I am convinced that the position recently adopted by the Second Circuit in *Sedima v. Imrex Co., Inc.*, 741 F.2d 482 (2d Cir.1984), is correct, and in the absence of guidance from the Supreme Court or from our circuit[1] on this issue, I adopt the rational of the Second Circuit as articulated in *Sedima*. As the *Sedima* court stated, "[T]here is simply no evidence that in creating RICO, Congress intended to create the broad civil cause of action that the reading of the statute given by its proponents would allow." At 487. RICO was designed "to protect legitimate businesses against the syndication's infiltration. It was an attempt to deal with organized crime as an economic phenomenon." *Id.* at 487. It has, however, become commonly and inappropriately used, as here, in typical business fraud cases and in ordinary securities fraud cases. RICO has become a statute "whose ambiguous language needs to be construed in light of Congress's purpose in enacting it." *Id.* at 488. The "by reason of" language in section 1964(c) of RICO requires that plaintiffs allege "injury caused by an activity which RICO was designed to deter, which, whatever it may be, is different from that caused simply by such predicate acts as are alleged here." *Id.* at 494. *Accord Erlbaum v. Erlbaum*, No. 80–4245 (E.D.Pa. June 13, 1982), slip op. at 5–13. I have carefully examined the complaint, plaintiffs' response to defendants' motions to

---

**1.** The recent Third Circuit decision in *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir.1984) is not dispositive of the present controversy since it involved the resolution of quite different issues. In *Seville,* the Court of Appeals reversed a district court decision dismissing a civil complaint charging violations of RICO. The district court had concluded that the plaintiffs had failed to properly plead the elements of a RICO offense under Fed.R.Civ.P. 12(b)(6) in that they had failed to properly plead the existence of an "enterprise," and they had violated Fed.R.Civ.P.

9(b) by failing to plead the underlying acts of fraud with sufficient particularity. In reversing the dismissal of the RICO claim, the court of appeals limited its discussion to the particularity requirement of Rule 9(b) and to the requirements that must be satisfied in pleading the existence of an "enterprise." The Court did not address the scope of the civil RICO provision nor what constitutes a sufficient injury so as to invoke the treble damages provision of the statute. Consequently other authorities must be examined in resolving these issues.

dismiss, and the affidavits submitted by plaintiffs and find no allegation or evidence that plaintiffs' alleged injury was caused by an activity different from that caused simply by the alleged predicate acts of wire fraud and mail fraud. Accordingly, the RICO count of the complaint will be dismissed.

Alternately, I conclude that a prior criminal conviction is a reprequisite to a civil RICO action, and in so doing, I again adopt the thorough and perceptive analysis of the Second Circuit in *Sedima, supra,* at 500–504. Since plaintiffs have not alleged prior RICO criminal convictions of defendants for the conduct involved in this civil action, the RICO claim will be dismissed on that basis also.

### Count II

Plaintiffs allege that defendants' conduct, as described above, constitutes a violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and of the regulations promulgated thereunder, including Rules 10b–5 and 10b–7, 17 C.F.R. §§ 240.10b–5 and 10b–6. In particular, plaintiffs allege that the representations and omissions of fact made by defendants in selling the Jordan stock and the Central Valley interest were materially false and misleading, that they were made by defendants with knowledge of their falsity, that they were made with the intent to induce plaintiffs' reliance thereon and with the intent to defraud plaintiffs, that plaintiffs justifiably relied on the representations and omissions, and that plaintiffs have suffered proximate injury to their investments in Jordan and Central Valley by reason of defendants' fraud.

■ Defendants argue that the securities fraud count must be dismissed because plaintiffs' purchase of Jordan stock does not constitute a security under section 10(b) of the Act, under Rule 10b–5, and under the "economic realty test" of *United Housing Foundation, Inc. v. Forman,* 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975), and *SEC v. W.J. Howey Co.,* 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). In light of the recent decision of the Third Circuit in *Reufenacht v. O'Halloran,* 737 F.2d 320 (3d Cir.1984), defendants' argument must be rejected. In *Ruefenacht,* the court held that "the sale of all or part of a business effectuated by the transfer of stock bearing the traditional incidents of stock ownership" constitutes a sale of a "security" under the 1933 and 1934 Securities Acts. At 339.

Defendants also argue that plaintiffs have failed to allege, as required by the Securities Acts that defendants used any means or instrumentalities of interstate commerce or of the mails in connection with the sale of the stock. This argument is without merit. Paragraphs 18 and 21 of the complaint sufficiently allege the use of the mails and of the telephone in connection with the stock sale.

Defendants also argue that the securities count should be dismissed to the extent that it pertains to the sale of the interest in Central Valley. In particular, defendants argue that plaintiffs have failed to allege that defendants violated section 10(b) with respect to Central Valley and have failed to allege any conduct which could be construed as a section 10(b) with respect to Central Valley. Plaintiffs respond that defendants' fraud induced plaintiffs to purchase both the stock and "other unrelated interests" (presumably the interest in Central Valley) in a single business transaction, that defendants' illegal conduct thus "infested the entire transaction," and all aspects of that transaction may properly be the subject of the securities count. Neither side has adequately developed its legal position on this issue and additional briefing will be necessary.

The securities fraud issue may be appropriate for disposition on a motion for summary judgment. I will order the parties to submit motions for summary judgment on this issue 30 days following the close of discovery. Accordingly, the motions to dismiss the securities claim will be dismissed without prejudice.

■ Defendant Schussel, the accountant who reviewed the financial records of Jor-

dan, also argues that the complaint should be dismissed against him on the additional ground that he was not a party to the transaction in which the Jordan stock and the Central Valley interest were sold to plaintiffs. This argument is without merit. Under both section 19(b) of the 1934 Act and common law, accountants who prepare or review financial statements may be liable for their conduct, even though they do not participate in the later conduct which is the basis for the fraud claim. *Epprecht v. Delaware Valley Machinery Inc.*, 407 F.Supp. 315, 320 (E.D.Pa.1976); *Coleco Industries, Inc. v. Berman*, 423 F.Supp. 275, 308–10 (E.D.Pa.1976), *aff'd in part, remanded in part, on other grounds*, 567 F.2d 569 (3d Cir.1977), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). Accordingly, defendant Schussel's motion to dismiss on this additional ground will be denied.

### Counts III and IV

. In Count III plaintiffs allege that defendants' conduct constitutes fraud under Pennsylvania common law, and in Count IV plaintiffs allege that defendants Surnamer and Rothrock breached various warranties given in the agreement of sale, in violation of state law. Defendants argue that these counts should be dismissed because there is no independent diversity jurisdiction for them, and that if the federal claims are dismissed, the state claims should be dismissed as an exercise of my discretion over pendent state claims. Because I am allowing the securities claim to go forward, there is adequate subject matter jurisdiction for the state claims for the present, and I will withhold decision on this issue. If summary judgment is granted in favor of defendants on the securities claim, I will then require the submission of additional affidavits on the issue of diversity jurisdiction. Accordingly, the motions to dismiss the state law claims will be denied without prejudice.

### Count V

Plaintiffs have agreed to withdraw this claim. Accordingly, this count is dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### *Defendants' Request for a More Definite Complaint*

Defendants argue that if the complaint is not dismissed, plaintiffs should be required to file a more definite complaint in which the facts supporting the allegations of fraud are set forth. While I recognize that when allegations of fraud are made, Rule 9(b) of the Federal Rules of Civil Procedure articulates a stricter standard of pleading than the general rule of Rule 8(a), I conclude, after a careful review of the complaint, that plaintiffs have satisfied the requirements of Rule 9(b). The complaint identifies the parties and their roles in the transaction at issue, and eleven specific examples of alleged knowing misrepresentations and omissions are alleged. Plaintiffs have thus alleged far more than boilerplate claims of misrepresentation. The complaint adequately places defendants on notice and allows them to respond. *See Kimmel v. Peterson*, 565 F.Supp. 476, 480–81 (E.D.Pa.1983). Defendants' request for a more definite statement will be denied. Defendants may pursue discovery to obtain the details which they seek.