Steven **BERNSTEIN**, Alan Rubens, and David Chackler

v.

**BANK LEUMI LE–ISRAEL B.M. and James Patterson.**

**Civ. A. No. 84–2065.**

United States District Court, E.D. Pennsylvania.

Dec. 5, 1984.

Steven Kramer, Philadelphia, Pa., for plaintiffs.

Edward Ellers, Joan Zubras, Philadelphia, Pa., for Bank Leumi Le-Israel B.M.

Donald Marino, Philadelphia, Pa., for James Patterson.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is defendants' motion to dismiss. For the reasons stated herein, the motion will be granted.

### I. FACTS

Plaintiffs are shareholders of WMOT Enterprises, Inc. ("WEI"). They allege that in their capacities as shareholders of WEI they were defrauded by defendants Bank Leumi Le-Israel B.M. ("Bank") and James Patterson ("Patterson") and by Mark Stewart ("Stewart").[1] Plaintiffs claim that as a result of the fraudulent activity WEI became insolvent.

The chronology of events leading up to the alleged fraudulent activity is as follows.[2] In the Spring of 1980, plaintiffs and WEI entered into a banking relationship with defendant Bank. The relationship consisted of obtaining a line of credit as well as doing general banking business. Plaintiffs personally guaranteed the payment of money borrowed on the line of credit.

In the fall of 1980 WEI was experiencing cash flow problems. At that time plaintiffs made application to defendant Bank for an increase of approximately $25,000.00 in their line of credit. Plaintiffs offered to secure the increase in credit with accounts receivable exceeding $170,000.00. This application was denied by the Bank through the person of defendant Patterson, an officer of the Bank.

Shortly thereafter, plaintiffs met with Stewart concerning a previous offer by Stewart to buy a percentage of WEI's stock. During the discussions Stewart represented that he was a wealthy entrepreneur with a number of financially successful companies under his control. In January 1981, an agreement was reached which permitted one of Stewart's companies to purchase 60% of the stock of WEI in exchange for the obligation of that company to finance the operation of WEI and assume all of WEI's liabilities.

Plaintiffs allege that contrary to Stewart's representations, Stewart and his companies were in poor financial condition. Plaintiffs allege that Stewart and his companies had loans outstanding with defendant Bank in excess of one million dollars and did not have the financial resources to fulfill the obligations of the purchase agreement.

Plaintiffs allege that shortly after the purchase agreement was entered into, defendants permitted Stewart to use as collateral for additional loans to Stewart and his companies the same accounts receivable

---

1. Plaintiffs allege that Stewart was a co-conspirator but they have not named him as a defendant in this action.

2. For purposes of this motion to dismiss, the allegations of the complaint are taken as true. *See Chatterjee v. Due,* 511 F.Supp. 183, 185 (E.D. Pa.1981).

of WEI that defendants had determined were inadequate to support a credit increase in the fall of 1980. Defendants also permitted Stewart to use the proceeds of WEI's accounts receivable to reduce the indebtedness of Stewart and his companies to defendant Bank instead of using the proceeds to reduce the indebtedness of plaintiffs. Plaintiffs allege that this conversion of the proceeds was the cause of WEI's insolvency as well as a judgment by confession and related proceedings instituted against plaintiffs on their personal guarantees.

In their complaint, plaintiffs allege that defendants, through their activities, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, as well as Pennsylvania law concerning fraud, breach of contract, and breach of fiduciary duty. Defendants now move to dismiss the complaint.

Defendants argue that the RICO count must be dismissed since plaintiffs have failed to allege that defendants have been convicted of any of the predicate acts listed in the RICO statute. *See* 18 U.S.C. § 1961(1). The court finds this argument persuasive and shall dismiss the complaint on that basis.[3]

## II. DISCUSSION

### A. RICO

The RICO statute, in pertinent part, provides:

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit including a reasonable attorney's fee.

18 U.S.C. § 1964(c).

Section 1962 provides:

(a) It shall be unlawful for any person who has received any income derived directly or indirectly from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate, or foreign commerce ...

(b) It shall be unlawful for any person through a pattern of racketeering activity ... to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity ...

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

Pattern of racketeering activity is defined at 18 U.S.C. § 1961(5):

"Pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.

The acts which constitute racketeering activity are set forth at 18 U.S.C. § 1961(1). Plaintiffs allege that the racketeering activity in this case consisted of securities fraud in the sale of WEI stock to Stewart and mail fraud through the conversion of accounts receivable proceeds which were mailed to WEI.

Although the Third Circuit Court of Appeals has not addressed the question of whether a prior criminal conviction is a

---

**3.** Having determined that plaintiffs' failure to allege convictions of the predicate acts requires dismissal of plaintiffs' RICO claim, the court need not address defendants' other arguments in support of a dismissal of the RICO claim.

prerequisite to a civil RICO action, other courts have answered the question in the affirmative. In *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 741 F.2d 482, 496 (2d Cir.1984), the second circuit held that in order to bring a civil RICO action, plaintiffs must establish that defendants have been convicted of the underlying predicate offenses. In a more recent decision, Judge Kelly of this district followed the second circuit's decision and dismissed a RICO count because of plaintiff's failure to show defendants had been convicted of the predicate acts. *Viola v. Bensalem Township*, No. 84–3184 (E.D.Pa. November 8, 1984).

■ This court agrees with and adopts the *Sedima* and *Viola* opinions to the extent they require criminal convictions of the underlying predicate offenses prior to commencement of a civil RICO action. Although Congress has provided a civil remedy to persons injured by prohibited activities set forth at 18 U.S.C. § 1962, the RICO statute is primarily a criminal statute. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 789 (3d Cir.1984). The nexus between the statute and criminal activity is evidenced both by the name of the statute and the acts upon which civil liability is premised. The acts which include, *inter alia*, bribery, securities fraud, mail fraud and wire fraud, are all acts of criminal conduct. *Sedima*, 741 F.2d at 501.

By limiting the civil remedy provision to those instances where persons are injured by previously determined criminal conduct this court will limit application of the civil RICO statute to those situations Congress intended to address. The civil remedy provision is designed to compensate those persons who have been injured as a result of certain types of criminal conduct. The best method to ensure that only those persons benefit from the relief provided by Congress is to limit the relief to persons who can show that they have been injured by persons who have engaged in the criminal conduct specified in the statute. Thus, plaintiffs must show that defendants have been convicted of the acts upon which plaintiffs base their civil RICO claim.

■ In this case, plaintiffs claim that defendants engaged in activities which constitute securities fraud and mail fraud. However, plaintiffs do not allege that either defendant has been convicted of these underlying predicate acts. Accordingly, the RICO count against defendants will be dismissed.

### B. State Claims

Plaintiffs' remaining claims of fraud, breach of contract and breach of fiduciary duty are state law claims over which this court has pendent jurisdiction. In situations where a court dismisses all federal claims before trial, as in this case, it is discretionary with the court to proceed with the pendent claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Rogers v. Valentine*, 426 F.2d 1361 (2d Cir.1970). The court will dismiss the pendent claims without prejudice. *See Broderick v. Associated Hosp. Serv. of Philadelphia*, 536 F.2d 1, 8 n. 25 (3d Cir.1976); *Daley v. St. Agnes Hospital, Inc.*, 490 F.Supp. 1309, 1320 (E.D.Pa.1980).

An appropriate Order will be entered.

### ORDER

AND NOW, TO WIT, this 5th day of December, 1984, for the reasons stated in the accompanying Memorandum, IT IS ORDERED that:

1. Defendants' motion to dismiss the complaint is *granted;* and

2. The complaint is *dismissed.*