**SAN JACINTO SAVINGS ASSOCIATION, Plaintiff,**

v.

**TDC CORP. OF FLORIDA, et al., Defendants.**

**No. 88–1502–CIV–T–17.**

United States District Court, M.D. Florida, Tampa Division.

March 17, 1989.

See also 707 F.Supp. 1577.

Gregory G. Jones, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for plaintiff.

Steven D. Merryday, David P. Rhodes, Glenn, Rasmussen, Fogarty, Merryday & Russo, Tampa, Fla., and Larry G. Mathews, Jr., Maura T. Smith, Smith, Mackinnon, Mathews & Harris, Orlando, Fla., for defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss, and Plaintiff's response thereto.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The Court, in its discretion, declines to exercise its pendent jurisdiction over Counts V through XX. This Order will address only Counts I through IV.

### I. Failure to State a Claim

A violation of Section 1962(c) entails (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Section 1962(a) proscribes the use of money derived from a pattern of racketeering activity to invest in an enterprise. More than one racketeering activity and the threat of continuing activity must be shown. *Bank of America National Trust & Savings As-*

*sociation v. Touche Ross & Co.,* 782 F.2d 966, 971 (11th Cir.1986).

Defendants allege that this is a "garden-variety fraud" case involving nothing more than a business dispute. Defendants seek the dismissal of Counts I–IV for failure to meet the *Sedima* requirements. The Court finds that the RICO pleading requirements have been met, based on the allegations of paragraphs 3 through 46, including the requirements of "pattern" and "enterprise," which will be addressed below.

## II. Insufficient Allegations of a Pattern of Racketeering Activity

Defendants allege that no threat of continuing activity has been shown.

■ A "pattern" is comprised of at least two acts of racketeering activity. *Shared Network Technologies, Inc. v. Taylor,* 669 F.Supp. 422 (N.D.Ga.1987). In this case, Plaintiffs have alleged more than twenty incidents of mail and wire fraud over a period of more than two years in order to induce Plaintiffs to pay inflated prices for the buildings involved. The acts of wire and mail fraud in furtherance of the alleged scheme meet the pattern requirement, and Defendants' motion to dismiss is denied as to this issue.

## III. Failure to Plead an "Enterprise"

■ Defendants allege that Plaintiffs have failed to adequately allege the existence of an enterprise in paragraph 13, of the complaint. A RICO enterprise must (1) have a common or shared purpose; (2) function as a continuing unit; and (3) have an ascertainable structure distinct from that which is inherent in the conduct of a pattern of racketeering activity. *United States v. Bledsoe,* 674 F.2d 647, 663–4 (8th Cir), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982).

■ Plaintiffs have alleged that a group of corporations and individuals conducted the alleged RICO scheme, and Plaintiffs have identified those corporations and individuals. To plead the existence of an enterprise, it is sufficient simply to identify it. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 790 (3rd Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). The Eleventh Circuit has rejected the *Bledsoe* case. *United States v. Cagnina,* 697 F.2d 915, 921 (11th Cir.), *cert. denied,* 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983). The enterprise may be an informal association with the common purpose of making money from the alleged schemes. The motion to dismiss is denied as to this issue.

## IV. Fraud—Sufficient Specificity

■ Plaintiffs must either allege the date, time, place and content of the alleged fraud or may "use alternative means of injecting precision and some measure of substantiation into … [its] allegations of fraud." *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984). The exhibits attached to the complaint provide the required specificity. The motion to dismiss is denied on this basis.

## V. Insufficient Allegations of RICO Conspiracy

■ Defendant argues that Plaintiffs, since they are interrelated corporate entities and employees thereof, lack the capacity to conspire with each other.

As a general rule, a corporation and its employees, and a corporation and its subsidiaries, are incapable of engaging in a civil conspiracy. *Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 771, 104 S.Ct. 2731, 2741–42, 81 L.Ed.2d 628 (1984). The exception is when the officer or employee has an independent personal stake in achieving the corporation's illegal objective. *United States v. Hartley,* 678 F.2d 961, 971 (11th Cir.1982), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983).

Defendants allege that Plaintiff does not state with specificity who conspired. The Court disagrees. *Copperweld, supra,* holds only that there cannot be any intracorporate conspiracy under Section 1 of the Sherman Act (15 U.S.C. Sec. 1). Plaintiff has alleged that the Turner entities, their

employees and others conspired among each other. Based on the rationale of *United States v. Hartley, supra,* the Court finds that the allegations of RICO conspiracy are sufficient, and the motion to dismiss is denied as to this issue.

## VI. RICO based on *Respondeat Superior*

■ Defendants argue that *respondeat superior* may not be used to create RICO liability. *D & S Auto Parts, Inc. v. Schwartz,* 838 F.2d 964, 966–68 (7th Cir. 1988).

Plaintiffs have alleged that members of the board of directors of Turner Development acted within the scope of their authority as officers, agents or employees of Turner Corporation when they participated in the alleged pattern of racketeering activity. That is, they acted with intent to benefit the corporation. In *United States v. Hartley,* 678 F.2d 961 (11th Cir.1982), the Eleventh Circuit held that under Section 1962(c), a corporation may be both a "person" and an "enterprise." The cases on which Defendants rely apply rules that have been rejected in this Circuit. Later, the evidence will show whether the corporation is a victim, perpetrator or passive instrument of the alleged racketeering scheme. The Court denies the motion to dismiss as to this issue.

## VII. Aider and Abettor Liability

■ Plaintiff must plead, in addition to the RICO elements: (1) the existence of a primary fraud; (2) specific details of each aider and abettor's knowledge of that primary fraud; and (3) the aider's substantial assistance in the fraud. *Rolf v. Blyth, Eastman, Dillon & Co.,* 570 F.2d 38, 47–48 (2d Cir.), *cert. denied,* 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978).

This complaint alleges RICO violations by all Defendants. It states that Turner Development knew of the side letter scheme and through its agents approved the sale of Sanlando in order to profit. The pleading requirements for aiding and abetting have been met, and Defendants' motion to dismiss is denied as to this issue.

## VIII. Indispensable Party

Defendants argue that Sanlando Associates Limited is an indispensable party. Plaintiffs respond that SAL was not joined because it is asserting no federal claims. Since the Court has declined to exercise its pendent jurisdiction, and SAL has no RICO claims, the Court denies the motion to dismiss as to this issue.

The Court reminds the parties that calling the complaint's allegations "stupid" does not constitute legal argument, and sanctions will be imposed for further indulgence in such quasi-advocacy. Accordingly, it is

ORDERED that Defendants' motion to dismiss is denied as to Counts I through IV.

DONE and ORDERED.