388 B.R. 469 (2008)
In re EL COMANDANTE MANAGEMENT COMPANY, LLC, et al., Debtor(s).
Wigberto Lugo-Mender, Plaintiff
v.
Equus Entertainment Corporation, James Wislon, Defendant.
Civil No. 07-1818 (JAG).
United States District Court, D. Puerto Rico.
March 19, 2008.
*471 David P. Freedman, Luis C. Marini-Biaggi, Hermann D. Bauer-Alvarez, Ubaldo M. Fernandez-Barrera, O'Neill & Borges, San Juan, PR, for Plaintiff.
Peter W. Miller, Stuart A. Weinstein-Bacal, Weinstein-Bacal & Associates, PSC, Old San Juan, PR, for Defendant.

OPINION AND ORDER
GARCIA-GREGORY, District Judge.
Pending before the Court is Equus Entertainment Corporation ("Equus") and James Wilson's ("Wilson") (collectively "Defendants") Motion to Dismiss. (Docket No. 5). For the reasons set forth below, the Court DENIES Defendants' Motion.

FACTUAL AND PROCEDURAL BACKGROUND
On April 11, 2007, Wigberto-Lugo-Mender ("Plaintiff) in his capacity as Litigation Trustee of the El Commandante Racetrack Litigation Trust Agreement and Declaration of Trust filed a complaint before the U.S. Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") to avoid and recover preferential and/or fraudulent transfers. The complaint was brought under 11 U.S.C. §§ 544, 547, 548, and 550, and under the laws of the Commonwealth of Puerto Rico. Plaintiff avers that Defendants knew or should have known that Debtors were insolvent or in the vicinity of becoming insolvent and, therefore, unable to satisfy their obligations as they became due. Plaintiff contends that Defendants, despite having knowledge of the economic situation of Debtors, still executed a pattern of fraud in prejudice of the Debtors' creditors. According to Plaintiff, Defendants caused the Debtors to pay debts owed solely by Equus and not by the Debtors.
Plaintiff alleges that between October 15, 2000 and October 15, 2004 one or more of the Debtors in the Chapter 11 proceeding before the Bankruptcy Court[1] made certain transfers of property or interest in their property to Defendant Equus.[2] Those transfers were allegedly then passed on to several insiders of the Debtors. Wilson is singled out by Plaintiff as being one of the alleged insiders. Plaintiff contends that Wilson is an insider because he was either Director of the Debtors, officer of the Debtors or a person in control of the Debtors.(Docket No. 13, Exh. 1).
*472 On September 6, 2007, Defendants filed a Motion to Withdraw Reference, (Docket No. 1), which was granted by this Court. (Docket No. 12). On September 12, 2007, Defendants filed a Motion to Dismiss. (Docket No. 5). Plaintiff did not oppose Defendants' motion.

STANDARD OF REVIEW

A. Motion to Dismiss Standard

In Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir.2007) (quoting Twombly, 127 S.Ct. at 1967). While Twombly does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." Twombly, 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 1965.
The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. Id. at 23 (quoting Correa-Martinez, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988).

Discussion
Defendants argue that Plaintiffs complaint should be dismissed because his allegations that: 1) Wilson was an insider and 2) that the aforementioned transfers were avoidable preferential transfers pursuant to 11 U.S.C. § 547 fail to satisfy Federal Rule of Civil Procedure 8(a). Furthermore, Defendants aver that Plaintiffs fraudulent transfer allegations under 11 U.S.C. § 548 fail to satisfy Federal Rule of Civil Procedure 9(b). We will first address Defendants' Rule 9(b) allegation.

1. Federal Rule of Civil Procedure 9(b)

It is well settled law that Rule 9(b) applies to section 548 claims. OHC Liquidation Trust v. Nucor Corp., 325 B.R. 696, 698 (Bankr.D.Del.2005). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b); see also United States v. Dow Chem. Co., 343 F.3d 325, 328 (5th Cir.2003); In re Circle Y, 354 B.R. 349, 356 (Bankr.D.Del. 2006) ("To plead fraud, the Trustee cannot merely recite the statutory elements."). The purpose of Rule 9(b) is to "place the defendants on notice of the precise misconduct with which they are charged."[3]Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir.1984); ASARCO LLC v. Ams. *473 Mining Corp., 382 B.R. 49 (S.D.Tex.2007); In re APF Co., 308 B.R. 183, 188 (Bankr.D.Del.2004) (describing the standard as higher and more strict than notice pleading).
Allegations of date, place and time certainly fulfills the heightened pleading requirement, however, nothing in the rule requires them. Seville Industrial Machinery Corp., 742 F.2d at 791. "Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. Nonetheless, the particularity requirement of Rule 9(b) is satisfied [i]f the fraudulent transfer claim details the transfers alleged to be fraudulent, the reasons the transfers are fraudulent, and the roles of the defendants in the transfers. GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir.1997) (internal citations and quotations omitted); In James River Coal Co., 360 B.R. 139, 162 (Bankr.D.Va.2007).
In the case at bar, the complaint provides exact dates, precise dollar amounts, and the check numbers for each of the transfers. The complaint also explains who received the transfers and the relationship between the parties. Consequently, we find that Rule 9(b) has been satisfied. Defendants have adequate notice of the precise misconduct with which they are charged.

2. Federal Rule of Civil Procedure 8(a)

a. Preferential Transfers and Rule 8(a)

In order to comply with Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim that gave Defendants fair notice of what the plaintiffs claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir.2006) (internal citations omitted); In re NM Holdings Co., LLC, 376 B.R. 194, 204 (Bankr.D.Mich.2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); see also Fed.R.Civ.P. 8(a). The liberal pleading standard of Rule 8(a) only requires Plaintiffs seeking to recover preferential transfers under 11 U.S.C. § 547 to proffer allegations that identify: 1) the name of each debtor/transferor; 2) the name of each defendant/transferee; 3) the form of transfers (checks); and 4) the total amount of the alleged preferential transfers made by a particular debtor/transferor to each defendant/transferee. In re NM Holdings Co., LLC, 376 B.R. at 204.
As mentioned previously, the complaint provides exact dates, precise dollar amounts, and the check numbers for each of the transfers. Furthermore, the complaint details who received the transfers. The complaint also explains the relationship between the parties.[4] As such, Plaintiff provided ample and fair notice to each of the Defendants of what are his claims and the grounds upon which they rest. Therefore, this Court finds that Plaintiff preferential transfer allegations under section 547 complied with the requirements imposed by Rule 8(a).

b. Insider

To be considered an insider "the person must exercise sufficient authority over the corporate debtor so as to unqualifiably dictate corporate policy and the disposition of corporate assets." In re Babcock Dairy Co. of Ohio, Inc., 70 B.R. *474 657, 661 (Bankr.N.D.Ohio 1986). "If the debtor is a corporation, then a controlling person, a relative of a controlling person, a partnership in which the debtor is a general partner, and a general partner of the debtor are all insiders." In re Badger Freightways, Inc., 106 B.R. 971, 980-981 (Bankr.D.Ill.1989) (internal citations omitted). There is a per se rule that corporate officers and directors are insiders because they have the ability to influence corporate decision making. Id. at 982(citing 11 U.S.C. § 101(30)(B)(i), (ii)). Allegations of an undefined "close relationship" are insufficient to demonstrate the requisite level of operating control. Id. at 982-983. However, allegations that a person is a corporate director, officer, or person in control of the debtor is sufficient to plead that the person is an insider. See 11 U.S.C. § 101(25)(B)(i), (ii), (hi);[5]see also id. at 981-983; In re Cohn Precious Metals, Inc., 1983 Bankr.LEXIS 6623 (Bankr. D.Conn.1983).
In his complaint, Plaintiff stressed that Wilson was an insider because he was either Director of the Debtors, officer of the Debtoi's or a person in control of the Debtors. This Court finds that this allegation satisfies the liberal pleading requirement of Rule 8(a).

CONCLUSION
For the reasons stated above, the Court hereby DENIES Defendant's Motion to Dismiss. (Docket No. 5).
IT IS SO ORDERED.
NOTES
[1] On October 15, 2004, each of the Debtors filed a voluntary chapter 11 petition before the Bankruptcy Court. On January 3, 2007, the Bankruptcy Court confirmed the Plan. On January 4, 2007, the "Effective Date" under the plan occurred. Pursuant to the confirmed Plan and the Confirmed Order, Plaintiff was appointed Litigation Trustee of the Litigation Trust. The confirmed Plan and the Confirmation Order transferred all of the Debtors' causes of action including the avoidance actions under 11 U.S.C. §§ 544, 545, 547, 548, 549, and 553(b). (Docket No. 13, Exh. 1).
[2] Plaintiff's allegations are supported by several exhibits.
[3] In United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 921 (4th Cir.2003), the Circuit Court explained that Rule 9(b) has four purposes: 1) it ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of 2) it protects defendants from frivolous suits; 3) it eliminates fraud actions in which all the facts are learned after discovery; and 4) Rule 9(b) protects defendants from harm to their goodwill and reputation.
[4] In re Oakwood Homes Corp., 340 B.R. 510, 522 (Bankr.D.Del.2006)
[5] 11 U.S.C. § 101(31) provides in pertinent part "insider" includes 

(B) if the debtor is a corporation 
(i) director of the debtor;
(ii) officer of the debtor;
(iii) person in control of the debtor;
(iv) partnership in which the debtor is a general partner;
(v) general partner of the debtor; or
(vi) relative of a general partner, director, officer, or person in control of the debtor