**BROSSMAN SALES, INC. Plaintiff,**

v.

**Donald R. BRODERICK, II, and Darla J. Broderick, Defendants.**

**Civ. A. No. 91–5282.**

United States District Court, E.D. Pennsylvania,

Oct. 15, 1992.

David A. Flores and Alvin B. Lewis, Lancaster, PA, for plaintiff.

Melvin E. Newcomer, Lancaster, PA, for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This action arises from the sale of a parcel of land used as a mobile home park,

Millcreek Estates. Plaintiff, the purchaser of the property, has sued defendants for (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) breach of contract, (4) violation of the federal Clean Water Act, and (5) violation of RICO. Defendant has moved to dismiss each of the federal claims pursuant to F.R.C.P. 12(b)(6), to dismiss the entire case for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1), or, in the alternative, to direct plaintiff to file a more definite statement of the alleged fraud pursuant to F.R.C.P. 12(e). For the reasons stated below, I shall grant defendants' motion to dismiss plaintiff's federal claims under the Clean Water Act and RICO. Further, because this Court does not have subject matter jurisdiction absent a valid federal claim, I shall grant defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1).

## I. BACKGROUND

Plaintiff Brossman Sales, Inc. purchased the property in question from defendants Donald and Darla Broderick in 1989 for $2,100,000.00. In essence, plaintiff contends that the Brodericks misrepresented that the property was in compliance with state and local environmental laws, when in reality defendants covertly released illegal waste on the property. More specifically, plaintiff alleges in its complaint that since 1985, defendants have continuously been associated with the Millcreek Estates enterprise and conducted its affairs through a pattern of racketeering activity involving acts of wire and mail fraud in violation of 18 U.S.C. §§ 1341 and 1343, bank fraud in violation of 18 U.S.C. § 1344 and acts of conspiracy to violate state and federal environmental laws, including the Clean Water Act.

According to plaintiff's complaint, defendants' alleged wire and mail fraud was perpetrated over three general periods. Between 1985 and 1989, defendants perpetrated wire and mail fraud to deceive federal, state and local officials into believing that the Millcreek Estates property was in compliance with applicable environmental laws. From July, 1989 to November, 1989, defendants perpetrated wire and mail fraud to induce plaintiff into purchasing the Millcreek Estates property for much more than it was worth. Finally, since November, 1989, defendants have been perpetrating the fraud to deceive state and local officials into believing that plaintiff was responsible for the various environmental problems on the property.

Defendants' alleged bank fraud consisted of concealing from the Ephrata National Bank the problems with the Millcreek Estates property, thereby obtaining funds loaned to plaintiff for purchase of the property at an artificially inflated price. Finally, plaintiff's Clean Water Act claim under 33 U.S.C. § 1365(a) arises from defendants' deposition of fill material consisting of construction debris in areas of the property purchased by plaintiff that are designated as wetlands in violation of the Clean Water Act. 33 U.S.C. §§ 1311 and 1344.

## II. DISCUSSION

### A. Standard of Review

In resolving a motion to dismiss, the Court must accept as true all the well-pleaded allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable interpretation of the pleadings, the plaintiff may be entitled to relief. *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985); *Helstoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir.1977) (per curiam). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B. Plaintiff's RICO Claim

RICO makes it unlawful for any person employed by or associated with any enterprise to conduct the affairs of the enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c). It is also unlawful to conspire to perform these acts. 18 U.S.C. § 1962(d).

An "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact though not a legal entity." 18 U.S.C. § 1961(4). "Racketeering activity" is defined to include specified federal crimes, including mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and bank fraud, 18 U.S.C. § 1344. A "pattern of racketeering activity" requires at least two acts of racketeering activity within a ten year period. 18 U.S.C. § 1961(5).

Defendants contend that plaintiff's RICO claim is deficient and should be dismissed for three reasons: (1) because it does not demonstrate the required "enterprise" element of a RICO violation, (2) because it does not adequately allege a "pattern of racketeering activity" as required by the RICO statute, and (3) because it does not allege the predicate act of "fraud" with sufficient particularity. I shall address each of these contentions in order.

### i. Enterprise

To prove an "enterprise" under the statute, a plaintiff must show (1) that the enterprise is an ongoing organization with some sort of framework or superstructure, (2) that the members function as a continuing unit with established duties, and (3) that the enterprise must be separate and apart from the pattern of activity in which it engages. *United States v. Riccobene*, 709 F.2d 214 (3d Cir.), *cert. denied sub nom. Ciancaglini v. United States*, 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983). However, plaintiff need not *plead* these factors. At the pleading stage, plaintiff need only *identify* the entities believed to be enterprises. *Seville Industrial Machinery Corp. v. Southmost Corp.*, 742 F.2d 786, 790 (3d Cir.), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1984). Under this more relaxed standard, plaintiff has sufficiently pleaded enterprise.

### ii. Pattern of Racketeering

To establish a pattern of racketeering, a plaintiff must show "relation and continuity" between predicate racketeering acts. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Plaintiff's allegations of mail, wire and bank fraud, taken as true for the purposes of this motion, are clearly related if they shared the same purpose—to conceal defendants' alleged environmental crimes. *Id.* at 240, 109 S.Ct. at 2901. Establishing continuity, however, requires more complicated analysis as it is "difficult to formulate in the abstract any general test for continuity." *Id.* at 241, 109 S.Ct. at 2901. In *H.J. Inc.*, the Supreme Court defined continuity as "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* Thus, to establish the continuity requirement of a RICO pattern, plaintiff must plead either a past period of repeated racketeering conduct or some future threat of the racketeering conduct. *Id.; Hindes v. Castle*, 937 F.2d 868 (3d Cir.1991).

Adhering to this reasoning, the Third Circuit has held that if an alleged RICO scheme is short in duration, it must present a threat of continued activity. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). Plaintiff Brossman Sales has failed to allege a threat of defendants' racketeering activities continuing beyond the date the property was sold. Plaintiff has alleged that the environmental violations continue to exist and that defendants refuse to remedy them, but these alleged wrongdoings are not the predicate acts which constitute defendants' alleged racketeering activity. Plaintiff has accused defendants of three predicate racketeering acts: mail fraud, wire fraud and bank fraud. These acts are completed, and while defendants' continuing acts may be wrongful, they do not constitute predicate crimes under RICO.

In light of the fact that plaintiff has not alleged a threat of repetition, plaintiff must show a closed period of repeated conduct to prove the pattern element of its RICO

claim. Under the Third Circuit's decision in *Kehr,* allegations of fraud during the five month period of negotiations for the sale of the property will not suffice. Plaintiff relies on *Swistock v. Jones,* 884 F.2d 755 (3d Cir.1989), to argue that a one time fraudulent real estate scheme over a relatively short period (one year) suffices to establish a pattern, but this reliance is misplaced. In *Kehr,* the Third Circuit specifically explained that the scheme in *Swistock* satisfied the pattern element only because it contained threats of further misrepresentations in regard to other potential transactions. *Kehr,* 926 F.2d at 1413.

Since plaintiff's allegations of fraud in 1989, standing alone, do not satisfy the pattern element, the validity of plaintiff's RICO claim depends on whether defendants' alleged fraud from 1985 to 1989 satisfies the "continuity plus relationship" test in regard to the more recent fraud in 1989. Unfortunately, the complaint does not adequately describe the fraud defendants allegedly committed during the period from 1985 to 1989, thus the Court cannot make this determination.

### iii. Particularity of Fraud Allegations

■ As plaintiff correctly contends, allegations of fraud in a RICO claim need not include details of the date, place and time of the alleged fraud in the Third Circuit. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). Instead, plaintiff may satisfy the requirements of F.R.C.P. 9(b) by adequately describing the nature and subject of the alleged misrepresentations. *Id.* at 791.

Plaintiff argues that it has satisfied this burden of particularity and that "the nature of the allegations of misrepresentations in the Sales Agreement could hardly be more specific." While plaintiff's allegations of fraud during the five month period surrounding the actual sale of the property—contained in paragraph eleven of the complaint—undoubtedly satisfy the particularity requirement, the same cannot be said for plaintiff's allegations of fraud for the four year period preceding the actual sale negotiations.

■ With respect to defendants' misrepresentations during this prior four year period, plaintiff contends that "the Complaint refers specifically to Defendants' problems, undisclosed to Plaintiff, with DER (¶ 14), Earl and East Earl Townships (¶ 11) and others too numerous to mention more specifically." Unfortunately, referring specifically to defendants' problems with various government entities does not suffice to allege the nature of defendants' alleged misrepresentations to these entities. Plaintiff accuses defendants of mail and wire fraud in connection with their representations to local, state and federal environmental agencies from 1985 to 1989. However, plaintiff fails to include anywhere in its complaint even a vague description of what misrepresentations were made and to whom from 1985 to 1989. While the standards for pleading fraud with particularity in a RICO claim are admittedly less stringent in the Third Circuit than in other jurisdictions, plaintiff is still required to plead the circumstances of the alleged fraud in order to place the defendant on notice of the precise misconduct with which they are charged. *Seville,* 742 F.2d at 791. Plaintiff has failed to satisfy this requirement for the alleged fraud from 1985 to 1989.

As discussed above, in order for plaintiff to satisfy the pattern element of its RICO claim, it must allege that defendants' alleged fraud from 1985 to 1989 was sufficiently related to that alleged during the negotiations in 1989 to satisfy the "relationship and continuity" requirement. As the complaint does not adequately allege defendants' fraud for the 1985–1989 period, plaintiff has failed to satisfy this requirement.

One possible remedy for lack of sufficient particularity in a RICO claim would be to permit amendment, rather than dismiss. *Saporito v. Combustion Engineering, Inc.,* 843 F.2d 666 (3d Cir.1988) *rev'd and remanded on other grounds,* 489 U.S. 1049, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1990). In this case, however, permitting

amendment would amount to nothing more than a waste of judicial resources. Plaintiff has already filed an amended complaint, and in its request for leave to file this amended complaint plaintiff stated, "Plaintiff has amended the Complaint to include greater definition of its RICO claims...." In light of this representation, it is clear that granting plaintiff leave to amend its complaint yet another time to include greater definition of its RICO claim would be an exercise in futility.

### C. Plaintiff's Clean Water Act Claim

Section 1365 of the Clean Water Act authorizes citizen suits against violators of effluent standards or limitations provided for in the Act. 33 U.S.C. § 1365. This section provides that

> The district courts shall have jurisdiction ... to enforce such an effluent standard or limitation ... and to apply any appropriate civil penalties under section 1319(d) of this title.

33 U.S.C. § 1365(a).

Section 1319(d) authorizes civil penalties against violators of certain sections of the Act of up to $10,000.00 per day of violation.

 The purpose of this Act is to compel enforcement with effluent standards, and the imposition of civil penalties is appropriate only to enjoin or abate ongoing violations. *Philadelphia v. Stepan Chemical Co.*, 544 F.Supp. 1135, 1145 (E.D.Pa. 1982). Further, the Supreme Court has definitively held that the Clean Water Act does not confer jurisdiction in citizens' suits for wholly past violations. *Gwaltney of Smithfield v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987).

Plaintiff argues that defendants' violations are not wholly past, as they refuse to remedy the situation to this day. Admittedly, the *Gwaltney* decision does not directly address a past owner's responsibility for ongoing violations, but the Court's reasoning clearly dictates that the Act cannot be applied to such past violators. In *Gwaltney*, the Supreme Court found that a person who violated the Act

can avoid liability under a citizen's suit if the violation has ceased because the statute only authorizes citizen suits to abate an ongoing, present violation. *Id.* at 59, 108 S.Ct. at 378. Since defendants in this case have relinquished ownership of the source of the alleged violation and no longer have the control to abate it, the statute is likewise inapplicable to them. *See, Friends of the Sakonnet v. Dutra*, 738 F.Supp. 623 (D.C.R.I.1990) (conducting similar analysis to conclude that citizens's suit under the Clean Water Act could not be maintained against past owners, even though violations were continuing). Therefore, plaintiff has failed to state a claim under the Clean Water Act upon which relief can be granted and its claim should be dismissed.

### III. CONCLUSION

For the reasons stated above, I shall grant defendants' motion to dismiss plaintiff's RICO claim and Clean Water Act claim. As plaintiff's remaining claims involve only issues of state law and plaintiff has failed to allege diversity of citizenship pursuant to 28 U.S.C. § 1332(a), I shall dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).