**In re Robert G. SCHMIDT, dba National Air Vent, dba National Air Vent Cleaning, dba Air Vent Cleaning, Debtor.**

**Kirk JASTER, Plaintiff,**

**v.**

**Robert G. SCHMIDT, Defendant.**

Bankruptcy No. BK–S–91–23952–LBR. Adv. No. S–942310.

United States Bankruptcy Court, D. Nevada.

Sept. 27, 1995.

Stephanie M. Smith, Jolley, Urga, Wirth & Woodbury, Las Vegas, NV, for Plaintiff.

Candace C. Carlyon, Gordon, Silver & Beesley, Ltd., Las Vegas, NV, for Defendant.

## ORDER DENYING JURY TRIAL

LINDA B. RIEGLE, Chief Judge.

The Debtor/Defendant, Robert G. Schmidt ("Schmidt") has filed a demand for a jury trial in an adversary action filed by creditor Kirk Jaster ("Jaster").

Jaster's complaint seeks to revoke Schmidt's discharge under § 727(d) on the stated ground that Schmidt knowingly and fraudulently concealed an ownership interest in "Hytech Environmental Services, Inc." Schmidt demands a jury trial upon the stated grounds that "the crux of the complaint is that the Defendant engaged in fraud." (Defendant's Brief, p. 3, lines 5–6). "The issue of whether the [discharge] order was procured by fraud is an issue of fact that is appropriate for consideration by a jury. It invokes no equitable doctrines unique to the Bankruptcy Code." (Defendant's Reply. p. 3, lines 17–20).

Jaster opposes Schmidt's demand for a jury trial on the stated grounds that Schmidt's entitlement to a discharge is an equity proceeding for which there is no right to a jury trial.

In *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) the Supreme Court established a three-step analysis for determining whether the Seventh Amendment imposes a jury trial requirement in a bankruptcy action. First, it must be determined whether the action was one brought at law in 18th–century actions in the courts of England. Second, the remedy sought must be examined to determine whether it is legal or equitable in nature.

Third, if on balance, these two factors indicate that a party is entitled to a jury trial, it must be decided whether Congress may assign resolution of the claim to a non-Article III adjudicative body. *Id.* at 42, 109 S.Ct. at 2790.

Pursuant to the test announced in *Granfinanciera,* the revocation of a discharge is an equitable proceeding for which there is no right to a jury trial. Under the first component of the test, a bankruptcy discharge involves issues with an equitable history for which there was no entitlement to a jury trial in the courts of England. *In re Hooper,* 112 B.R. 1009, 1012 (9th Cir. BAP 1990).

Second, the remedy sought is equitable in nature in that Jaster seeks a determination that Schmidt is not entitled to bankruptcy relief. As the Bankruptcy Appellate Panel stated in *In re Hooper,* 112 B.R. at 1009:

> [T]he genesis of bankruptcy relief was in proceedings brought in English courts of equity ... Issues surrounding a debtor's discharge and the dischargeability of certain debts are inextricably bound to and arise only in connection with bankruptcy relief because such issues concern whether the debtor will be granted the protection and benefits of bankruptcy.

*Id.* at 1012 (9th Cir. BAP 1990), *citing,* 1 Norton *Bankruptcy Law and Practice* § 16.02 (1981). *See also, Local Loan Co. v. Hunt,* 292 U.S. 234, 241, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934) (orders of discharge are "decrees in equity determining a status"). Thus, under the test of *Granfinanciera,* [1] Schmidt is not entitled to a jury trial.

The Bankruptcy Appellate Panel has already determined that in the context of a § 523 action, there is no entitlement to a jury trial on the issue of the dischargeability of a debt. *In re Hooper,* 112 B.R. at 1009, the Court reasoned that:

> [A] bankruptcy discharge and questions concerning the dischargeability of certain debts, involve issues with an equitable history and for which there was no entitle-

---

1. The third step does not need to be determined, given the Court's holding that a jury trial is not required under the historical and nature of the remedy components of the *Granfinanciera* test.

ment to a jury trial in the courts of England prior to the merger of law and equity.

*Id.* at 1012.

This Court finds that for the purposes of a jury trial analysis, there is no logical distinction which can be made between an action under § 523 and one under § 727. The remedy sought under both § 523 and § 727 is a declaration that the debt (§ 523) or the debtor (§ 727) is not entitled to the equitable power of the Bankruptcy Code. *See also, In re Whitehorn,* 99 B.R. 734 (Bankr.N.D.Tex.1989) (claimant had no right to a jury trial on a § 523 dischargeability issue or a § 727 objection to discharge); *In re Trinsey,* 114 B.R. 86 (Bankr.E.D.Pa.1990) (no right to jury trial in proceeding attacking discharge on various grounds under § 727).

Schmidt argues that the issue in this case is whether or not he engaged in fraud, and that such an issue does not invoke any equitable doctrine which is unique to the Bankruptcy Code. This argument, however, misperceives the test of *Granfinanciera.* Under *Granfinanciera,* the focus when determining the right to a jury trial is not on the elements which must be proven in a particular case, but on the remedy which is sought in that case.[2]

Accordingly, Schmidt's demand for a jury trial is denied.

IT IS SO ORDERED.

---

2. Schmidt argues that he is entitled to a jury trial because "Plaintiff's motive in bringing the lawsuit is unquestionably the collection of his purported money damages." (Defendant's Brief, p. 3, lines 8–9). Regardless of Jaster's "motive", or whether the ultimate result or effect of a revocation of discharge would be that Jaster might collect money damages, the real issue in this case is whether Schmidt receives a discharge or not.