Messody T. **PERLBERGER** and Karen Daniella Perlberger, Plaintiffs,

v.

**CAPLAN & LUBER, LLP,** Mary Huwaldt, Esq., and Richard L. Caplan, Esq., Defendants.

No. CIV. A. 00–5683.

United States District Court, E.D. Pennsylvania.

March 30, 2001.

Messody T. Perlberger, Elkins Park, PA, pro se.

Karen Daniella Perlberger, Elkins Park, PA, pro se.

Steven N. Yermish, Caplan & Luber, Paoli, PA, Jeffrey B. Albert, Mc Kissock & Hoffman, Philadelphia, PA, for defendants.

## MEMORANDUM

NEWCOMER, Senior District Judge.

Defendants' Motion to Dismiss Plaintiffs' Complaint is currently before the Court.

## I. BACKGROUND

The plaintiffs in this case are Messody T. Perlberger and Karen Daniella Perlberger, mother and daughter, and they have

filed their Complaint *pro se.* They allege that the defendants in this case have engaged in a fraudulent scheme to overbill plaintiffs for legal services. More specifically, plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68 (West 2001), by use of mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343 (West 2001). Plaintiffs also bring claims based in state law for fraud, legal malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and breach of fiduciary duty.[1]

Plaintiffs reside at 320 Mulberry Lane; Elkins Park, Pennsylvania. Messody Perlberger allegedly suffers from impairing disabilities including visual impairment not limited to macula/retinal degeneration, insulin dependant diabetes with complications, cardiovascular complications and depression. Defendants Mary Huwaldt and Richard Caplan are partners at the law firm of defendant Caplan & Luber LLP with offices at 40 Darby Road; Paoli, Pennsylvania, and 1 Greentree Center; Marlton, New Jersey.

Although difficult to decipher from plaintiffs' thirty six page, single spaced, handwritten Complaint, plaintiffs allege the following facts: On or about June 18, 1997, plaintiff Messody Perlberger filed a *pro se* Complaint in this Courthouse on behalf of herself and her daughters Karen and Laura against her husband Norman Perlberger (hereinafter *"Perlberger I"*). That Complaint alleged that Norman Perlberger, a lawyer and recognized family law expert, engaged in a fraudulent scheme with several other defendants to conceal the true value of Norman Perlberger's income during Messody and Norman Perlberger's divorce proceedings. Sometime after the Complaint was filed in *Perlberger I,* defendants moved to dismiss the Complaint, but that motion was granted in part and denied in part. After plaintiff's Complaint was sustained, Messody Perlberger met with the defendants in this case, Caplan & Luber, to see whether Caplan & Luber would represent her in *Perlberger I.*

Shortly thereafter, Caplan & Luber offered to represent Messody Perlberger and her children in *Perlberger I* without a retainer agreement. When Messody Perlberger asked defendants Caplan & Luber whether they were experienced in handling RICO casas, defendants represented themselves as RICO experts, telling plaintiff they had "just received a five million dollar settlement offer" in a RICO case. Additionally, defendant Huwaldt told plaintiff that defendant Richard Caplan would be the trial lawyer in *Perlberger I.* Plaintiff further alleges that these representations were made through "the United States wires and telephones."

Plaintiffs claim that the preceding representations were fraudulent, and avers that defendants made countless other fraudulent representations during the course of *Perlberger I.* First, plaintiffs claim that defendants had little or no expertise in RICO cases, as they were instead known as a firm specializing in professional malpractice and insurance coverage. Plaintiffs claim that defendants induced Messody Perlberger to hire them because defendants knew that plaintiffs case was a high profile one; it involved a prominent family law attorney

---

**1.** On February 1, 2000, defendants filed an action against plaintiffs in the Court of Common Pleas of Chester County, Pennsylvania where defendants seek to collect unpaid legal fees from the plaintiffs. On November 14, 2000, plaintiffs filed a Notice of Removal in this Court to remove the Common Pleas case here. Defendants' have filed a Motion to Strike said Notice of Removal, but the Court will not address that Motion in this Opinion.

being sued by his wife and children, and his mistress in a separate but related case.

Additionally, plaintiffs contend that during *Perlberger I*, defendants routinely billed plaintiffs for work defendants did not perform, hired a CPA unnecessarily and without the consent of plaintiffs, charged plaintiffs excessively high fees to coerce plaintiff into settling *Perlberger I*, failed to communicate an April 16, 1998 settlement offer to plaintiffs, refused to allow plaintiff to accept a settlement offer on April 29, 2001, refused to provide an accounting of the CPA's work to plaintiffs, failed to communicate settlement offers to the CPA for the CPA to evaluate, made unnecessary visits to plaintiffs to inflate their fees, withheld files after plaintiffs disputed the fees defendants charged, and attempted to dissuade other attorneys from representing plaintiffs after defendants withdrew from representing plaintiffs in *Perlberger I*. Plaintiffs claim that each of defendants' fraudulent acts in *Perlberger I* were part of a scheme to defraud plaintiffs, and to take advantage of Messody Perlberger in her vulnerable state. Additionally, plaintiffs contend that each of the fraudulent acts they now contest were made using the mails, wire and telephones.

In light of these facts, the Court now turns to defendants' Motion to Dismiss plaintiff's Complaint.

## II. DISCUSSION

### Defendants' Motion to Dismiss

■ On a motion to dismiss, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a *pro se* plaintiff than to a Complaint drafted by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3rd Cir.1997).

### 1. Sufficiency of Plaintiff's Service of Process

■ Defendants first argue that plaintiffs' Motion should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because plaintiffs' service of process was insufficient. Plaintiffs served defendants a copy of the Complaint and summons via certified mail. However, defendants contend that plaintiffs should have served defendants personally pursuant to Federal Rules of Civil Procedure 4(e)(1), and 4(h)(1) and Pennsylvania Rules of Civil Procedure 402 and 423.

■ The fundamental purpose for requiring proper service of process is to ensure that the defendant receives notice of the commencement of the legal action and is afforded an opportunity to present his objections. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Garrison Printing Co., Inc. v. Steven Mandarino Fine Arts, Inc.*, Civ. A. No. 86–2489, 1986 WL 13837, at *8 (E.D.Pa. Dec.5, 1986). Here, defendants have received a summons and a copy of the Complaint, and have filed a timely Motion to Dismiss. Additionally, the defendants do not contend that the Court lacks personal jurisdiction over them or are not otherwise amenable to suit. Moreover, the defendants do not argue that the service employed by plaintiffs resulted in any material prejudice to them, nor does the Court find that defendants have been materially prejudiced. For these reasons, and given plaintiffs' *pro se* status, the Court will deny the defendants' request for dismissal of the action. *See Schmoltze v. County of Berks*, 2000 WL 62600, *2 (E.D.Pa. Jan 14, 2000) (Padova, J.); *Garrison Printing Co., Inc.*, 1986 WL 13837, at *8. *Cresswell v. Walt Disney Prod.*, 677 F.Supp. 284, 287 n. 5 (M.D.Pa.1987).

### 2. *Sufficiency of Plaintiff's RICO Claims*

Defendants next argue that plaintiffs Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). More specifically, defendants contend that plaintiffs fraud based RICO claims are not pled with the particularity required under Federal Rule of Civil Procedure 9(b).

Under Rule 12(b)(6), a court should dismiss a claim for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Because granting such a motion results in a determination on the merits at such an early stage of a plaintiffs' case, the district court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 664–65 (3rd Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989) (quoting *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985)).

When a RICO Complaint sounds in fraud, Federal Rule of Civil Procedure Rule 9(b) applies to the Complaint. *See Chovanes v. Thoroughbred Racing Ass'n*, 2001 WL 43780, at *2 (E.D.Pa. Jan 18, 2001). Accordingly, Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituted fraud or mistake shall be stated with particularity."

However, this requirement must be read in conjunction with the liberal pleading rules that the Rules embrace. *See, e.g., Beascoechea v. Sverdrup & Parcel and Assoc., Inc.*, 486 F.Supp. 169, 174 (E.D.Pa.1980). Thus, the purposes of Rule 9(b) are to provide notice of the precise misconduct with which defendants are charged and to "safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. v. Southmost Mach.*, 742 F.2d 786, 791 (3rd Cir.1984); *see also Rolo v. City Investing Co.*, 155 F.3d 644, 658 (3rd Cir. 1998) (citations omitted). A Complaint is adequate if the allegations of fraud reflect precision and some measure of substantiation. *See Seville*, 742 F.2d at 791.

Here, defendants do not argue that plaintiffs fail to allege a prima facie case under RICO;[2] rather they argue that plaintiffs have failed to sufficiently allege mail or wire fraud. Upon a review of plaintiffs' Complaint, the Court finds that plaintiffs' RICO claims are pled with sufficient particularity. Plaintiffs make numerous specific allegations' concerning defendants' fraudulent conduct, and after each allegation, plaintiffs aver that defen-

---

**2.** RICO "takes aim at 'racketeering activity', that is, any act 'chargeable' under several state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy, securities fraud or drug-related activities that is 'punishable' under federal law." *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 481–82, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Specifically, RICO prohibits a "person" from "investing in", "acquiring", or "conducting the affairs of" an "enterprise" engaged in or affecting interstate commerce by means of a "pattern" of racketeering activity. It also prohibits conspiring to commit any of these acts. *See* 18 U.S.C. § 1962 (West 2001). Of importance here, RICO also includes a provision permitting a private civil action to recover treble damages for injury sustained as a result of a violation of RICO's substantive provisions. *See id.* § 1964(c).

dants committed such conduct using the mails, wires and telephones.[3]

Additionally, defendants fail to argue that they lack notice as to plaintiffs' precise charges. Instead, defendants contend that plaintiffs Complaint is nothing more than an attempt to "convert a garden variety contract dispute between an attorney and a client into a RICO case." Defendants should know better than to make such an argument. In *Perlberger I*, where defendants represented Messody Perlberger, defendants defeated a Motion to Dismiss in large part because Judge Padova held that even if a claim amounts to garden variety fraud, such a characterization is not fatal to a RICO claim. *See Perlberger v. Perlberger*, 1998 WL 76310, at *4 (E.D.Pa. Feb 24, 1998). Indeed, the Third Circuit has recognized that the inclusion of mail and wire fraud within the scope of civil RICO extends RICO beyond the world of racketeers to the realm of common law, "garden variety" fraud found in commercial litigation. *See Tabas v. Tabas*, 47 F.3d 1280, 1290 (3rd Cir.1995).

To the extent defendants' argue that the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims, the Court finds defendants' argument unpersuasive. Defendants' fail to offer any legal support for their position, and fail to otherwise articulate a basis for their argument.

For the reasons set forth above, the Court will deny defendants Motion to Dismiss.

---

**3.** These allegations are outlined in the Background section of this Opinion, and will not be recounted here.