**IN RE: Paul W. DIZINNO, Debtor**

**Mark Steven Tomey, Sr., Plaintiff**

**v.**

**Paul W. Dizinno, Defendant**

**Case No. 1:14–bk–05291–MDF**
**Adv. No: 1:15–ap–00012–MDF**

United States Bankruptcy Court,
M.D. Pennsylvania.

Signed June 11, 2015

Mark Steven Tomey, Sr., Manchester, MD, pro se.

Brent Diefenderfer, CGA Law Firm, York, PA, for Defendant.

### OPINION

Mary D. France, Chief Bankruptcy Judge

On January 22, 2015, Mark Steven Tomey ("Tomey"), an unrepresented, unsecured creditor, filed a motion requesting the Court to "preclude the debt owed him by Paul Dizinno, or squash his request for bankruptcy relief." The claim for relief is based on the failure of Paul Dizinno ("Debtor") to repay a loan or series of loans totaling $4400. Tomey requested the Court either to except his debt from discharge in Debtor's case under 11 U.S.C. § 523(a)(2), or deny Debtor's discharge under 11 U.S.C. § 727(a)(3), (4), and (5). Therefore, the Court will treat the "motion" as having commenced an adversary proceeding under Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7001.[1]

Before the Court is Debtor's motion to dismiss Tomey's complaint.[2] Debtor asserts two grounds for dismissal: (1) that the complaint fails to comply with the bankruptcy rules governing the format for pleadings as described in Fed. R. Bankr. P. 9010 and 9011; and (2) that the complaint fails to state a claim upon which relief can be granted under Fed. R. Bankr. P. 7012(b)(6). Debtor further requests that the Court strike Tomey's demand for a jury trial. For the reasons discussed below, the motion to dismiss will be grant-ed but Tomey will be afforded leave to file an amended complaint addressing the deficiencies cited in this Opinion. However, the motion to strike the demand that this matter be heard by a jury will be granted, as no right to a jury attaches to Tomey's claims for relief.

### I. Procedural History

Debtor filed the instant Chapter 7 bankruptcy petition on November 14, 2014. Tomey filed his complaint without paying the requisite filing fee for an adversary proceeding. On January 22, 2015, the Court issued a notice directing that the fee be paid within seven days or the adversary proceeding would be dismissed. Tomey failed to pay the fee and the proceeding was dismissed on February 2, 2015. After Tomey requested reinstatement of the case and paid the filing fee, the adversary proceeding was reinstated.

On April 7, 2015, Debtor filed the motion that is now before me to dismiss Tomey's complaint. Tomey filed an "Answer/Response" and a "Supplemental Answer/Response" on April 22, 2015. The matter is ready for disposition.[3]

### II. Factual Background

Debtor asked Tomey for a loan to help pay his property taxes. Tomey agreed, but the agreement was not reduced to writing. Thereafter, Debtor also requested and obtained additional "small loans" from Tomey, which Debtor promised to

---

1. Tomey also asserts general claims for relief based on 42 U.S.C. § 1983, Article 2 of the Maryland Constitution, and the Privileges and Immunities Clause and the Due Process Clause of the U.S. Constitution. These arguments presumably are based on Tomey's belief that bankruptcy law cannot impair his right to collect a debt. This assumption is incorrect. The Bankruptcy Clause of the U.S. Constitution and the Bankruptcy Code explicitly empower bankruptcy courts to discharge debts, which necessarily requires the impairment of creditor's right to repayment.

2. Because an adversary proceeding is commenced with the filing of a "complaint," Tomey's "motion" will be referred to as a complaint.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

repay, but again nothing was reduced to writing. The date each loan was made and the exact amount of each loan is not specified in the complaint, but Debtor does not dispute that the aggregate amount of all loans extended by Tomey was $4400.

To persuade Tomey to extend the loans, Debtor promised to "do whatever it took to get caught up with his debts and then pay back" the loans. (Complaint, p. 2). Debtor further promised to "endeavor to pay back the $4400 in full within one year." (Complaint, p. 11). Debtor also promised to look for supplemental work or a higher-paying job and to decrease his living expenses to facilitate repayment. Tomey asserts that he made the loans to Debtor in reliance on these assurances.

If true, despite these promises Debtor did not obtain supplemental work or a higher-paying job. He made personal expenditures that Tomey considered imprudent. He sold personal assets, such as a used Chevrolet pick-up truck, that were worth more than the sale price. In Tomey's view, Debtor did not adjust his lifestyle or decrease his living expenses in any significant way as promised. Further, Tomey asserts that after receiving the loans, Debtor failed to repay any of the amounts borrowed or even offer to repay the amounts borrowed.

### III. Discussion

A. *Should the complaint be dismissed for failing to comply with the pleading requirements of the Federal Rules of Bankruptcy Procedure?*

▇ Debtor asserts that Tomey's complaint should be dismissed because it fails to comply with Fed. R. Bankr. P. 9010(b) and Fed. R. Bankr. P. 9011. Rule 9010(b) requires a party to assert claims against the opposing party in numbered paragraphs and, equally important, to limit each paragraph "as far as practicable to a single set of circumstances." Fed. R. Bankr. P. 9010(b).

Tomey's complaint consists of a fourteen-page narrative without numbered paragraphs. The narrative includes assertions unrelated to the loan transactions or to Debtor's failure to repay the loans. For instance, numerous paragraphs are devoted to discussions of Tomey's own financial problems or Debtor's relationship with his parents, matters wholly irrelevant to a case under either § 523(a)(2)(A) or § 727(a)(3), (4) or (5). As currently presented, it is impossible for Debtor to respond coherently to Tomey's complaint. Therefore, the Court will issue an order providing that the complaint will be dismissed unless Tomey files within thirty days an amended complaint with numbered paragraphs limited to a single topic, asserting the facts necessary to establish a basis for the Court either to except Tomey's loan from Debtor's discharge or deny Debtor's discharge.

Fed. R. Bankr. P. 9011 provides that "a party who is not represented shall sign all papers" and that any unsigned paper shall be stricken unless omission of the signature is corrected promptly after being brought to the attention of the pro se party. In this case, Tomey did not sign the complaint filed with the Court, although a signature line appears at the bottom of the last page. On April 7, 2015, Debtor filed his motion to dismiss pointing out the absence of Tomey's signature, yet as of the date of this Opinion, Tomey has not corrected this omission. Accordingly, it would be appropriate to strike the complaint because it is not signed. Because Tomey otherwise will be granted leave to amend the complaint to conform to Fed. R. Bankr. P. 9010, if he files an amended complaint, it must be signed before it is filed with the Court. If it is not signed,

the amended complaint will be dismissed without further notice or hearing.

B. *Should the complaint be dismissed for failing to state a claim on which relief can be granted under Fed. R. Bankr. P. 9012.*

Fed. R. Bank. P. 9012 incorporates Rule 12 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Fed. R. Civ. P. 12(b)(6) requires a court to dismiss any complaint that fails on its face to "state a claim upon which relief can be granted." The purpose of the rule is "to test the legal sufficiency of the complaint." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir.2003). When considering whether to dismiss a complaint as legally insufficient, a court must "accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir.2004). The court is not required to find that the plaintiff is likely to prevail at trial, only whether "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinkerton v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002).

█ The Court has experienced the same difficulty as Debtor in identifying the facts underlying Tomey's claim for relief because of his failure to properly set forth the allegations as required by the Rules. This is true even though the Court has read the allegations liberally and has applied a less stringent standard because Tomey is filing pro se. *See Perlberger v. Caplan & Luber, LLP*, 152 F.Supp.2d 650, 653 (E.D.Pa.2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3d Cir.1997)) (holding that the pleadings by pro se parties are held to a less stringent standard than pleadings drafted by counsel). "Although the standard used to evaluate a motion to dismiss in a *pro se* action is a liberal one, the court must still endeavor to separate 'pleadings that ... are no more than conclusions' from 'well-pleaded factual allegations' that are entitled to a presumption of veracity." *Obotetukudo v. Clarion University of Pennsylvania*, Civil Action No. 13–0639, 2015 WL 1524460, *1 n. 1 (W.D. Pa. April 2, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

For factual allegations to be considered "well-pleaded," the averments must "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of the Plaintiff's case. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, a complaint must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

Tomey has alleged that Debtor obtained loans from him by making intentional misrepresentations about his intent to repay the loans. The Bankruptcy Code provides that:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

. . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

█ By alleging that Debtor made intentional misrepresentations in the course of obtaining the loans, Tomey is alleging fraud, which must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b) as incorporated in Fed. R. Bankr. P.

7009. *See In re Black, Davis and Shue Agency, Inc.*, 471 B.R. 381, 407 (Bankr. M.D.Pa.2012). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). According to the Third Circuit, another way of explaining this requirement is that a party must state facts like "the first paragraph of any newspaper story ... the who, what, when, where and how of the events at issue." *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir.2002) (internal quotation and citation omitted). But the Third Circuit has also instructed that while Rule 9(b) requires plaintiffs to plead with particularity and that allegations of date, time, and place fulfill this requirement, alternative means can be used to provide the same degree of detail and measure of substantiation. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984).

 "In order to succeed in a § 523(a)(2)(A) claim, a creditor must prove the following five common law elements of fraud: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor sustained a loss as a proximate result of the representation." *The Bur–Cam Group, LLC v. Pearson (In re Pearson)*, Bankr. No. 1:10–BK–00946–MDF, Adv. No. 1:10–AP–00184, 2010 WL 3956762, *2 (Bankr. M.D. Pa. October 7, 2010) (citations omitted). The false pretense or misrepresentation upon which the creditor relied must have been both material and made with the intent to deceive the party to whom it was directed. *See Field v.*

*Mans*, 516 U.S. 59, 68, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). Thus, if Tomey files an amended complaint, he must allege each of the above-numbered elements in such a way as to convince the Court that it is plausible he was fraudulently induced to extend Debtor several loans.

At this point, Tomey's only specific allegations of misrepresentations by Debtor are that Debtor promised to "do whatever it took to get caught up with his debts" and to "endeavor to pay back the $4400 in full within one year." The complaint more generally alleges that Debtor promised to look for supplemental work or a higher-paying job and to decrease his living expenses to enable him to repay the money. It is not clear when these representations were made or how they related to the various loans. Promising to repay a loan and then not repaying it does not, without more, constitute fraud. "[A] substantial number of bankruptcy debtors incur debts with hopes of repaying them that could be considered unrealistic in hindsight. This by itself does not constitute fraudulent conduct warranting non-discharge." *In re Eashai*, 167 B.R. 181, 185 (B.A.P. 9th Cir. 1994).

In the case before me, the complaint avers that at the time Debtor asked Tomey to lend him money, he had no intention of repaying the loans. To substantiate this averment, Tomey asserts that Debtor failed to keep his promise to get a second job or cut expenses to make the payments. If true, it would be easy for the Court to conclude that Debtor failed to take every opportunity to repay the debt. These facts alone, however, do not establish that Debtor never intended to repay the debt when he asked Tomey to loan him money.

 Whether based upon actual fraud, false pretenses, or false representation, a plaintiff must show that the debt-

or's actions were intended to deceive the plaintiff at the time the debt arose. If a debtor intends to repay the debt at the time he makes a promise to repay, even if he subsequently decides that he cannot or will not pay, his original promise is not fraudulent. If Tomey elects to file an amended complaint, he must specifically allege what misrepresentations were made as to each loan and the time frame in which these representations were made.

 In a fraud action under § 523(a)(2)(A), the plaintiff must show that the debtor made a false representation that he knew was false for the purpose of deceiving the creditor. But a creditor also must show he was justified in relying on the representation and suffered a loss because of the fraud. *Field*, 516 U.S. at 74, 116 S.Ct. 437. "Justifiable reliance is a less demanding standard than reasonable reliance; it requires only that the creditor did not 'blindly [rely] upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation.' Under the justifiable reliance standard, a creditor has no duty to investigate unless the falsity of the representation would have been readily apparent." *Ojeda v. Goldberg*, 599 F.3d 712, 717 (7th Cir. 2010) (quoting *Field*, 516 U.S. at 71, 116 S.Ct. 437.) "[J]ustifiable reliance ... is determined by looking at the circumstances of a particular case and the characteristics of a particular plaintiff." *Ojeda*, 599 F.3d at 717.

In the case before me, Tomey alleges that he relied on Debtor's representations describing the efforts he would make to earn or save money to pay back the loans. According to the complaint, Tomey and Debtor had been friends for a long time before Tomey loaned Debtor money. That history of familiarity, friendship, and trust would have created an easier standard for Tomey to meet when establishing that his reliance on Debtor's promises was justified. But Tomey's understanding of reliance is not what the Supreme Court had in mind when it handed down *Field*. When Tomey refers to "reliance," he does so in the context of his need for the repayment of the borrowed funds in order to meet his own financial obligations. "Reliance" in the fraud context means that the deceived party believed the representation made by the other party and that the representation led the deceived party to take certain action—in this case to lend Debtor money. Rather than baldly state that he relied on Debtor's statements, Tomey must describe how statements made by Debtor induced him to make the loans.

C. *Does the complaint make out a plausible case for denying a discharge to Debtor under 11 U.S.C. § 727(a)(3), (4), or (5)?*

Section 727(a)(3) of the Bankruptcy Code provides as follows:

(a) The court shall grant the debtor a discharge, unless—

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act was justified under all of the circumstances of the case.

11 U.S.C. 727(a)(3).

 To sustain an objection to a discharge under this section, the objecting party must show: "(1) that the debtor failed to maintain and preserve adequate records and (2) this failure to maintain makes it impossible to ascertain the debtor's financial condition and material business transactions." *Chase Bank USA,*

*N.A. v. Ritter (In re Ritter)*, 404 B.R. 811, 833 (Bankr.E.D.Pa 2009). Generally § 727(a)(3) is not implicated when a consumer debtor does not operate a business. *In re Scott*, 172 F.3d 959, 970 (7th Cir. 1999). Even if a consumer debtor does operate a business, an unsophisticated debtor with a limited education is not held to the same standard as a sophisticated businessperson. *Meridian Bank v. Alten*, 958 F.2d 1226, 1231 (3d. Cir.1992). If his actions are "what a normal, reasonable person would do under similar circumstances[,]" his lack of records is justified. *Id.*

■ In the matter before me, there is no allegation that Debtor owns or operates a business. His schedule I states that he has been employed as an "Appliance Delivery Installer" for Miles Maytag Appliance Center for nearly seven years. While the complaint makes reference to Debtor's activities repairing equipment, appliances and bicycles outside his regular employment, there is no indication that these endeavors were anything but a hobby. For these reasons, I conclude that even in an amended complaint, Tomey would be unable to make out a case under § 727(a)(3), and so the complaint should be dismissed with prejudice as to this count.

■ To deny a discharge because the debtor made a false oath or account under Section 727(a)(4), a court must find that: (1) the debtor made a statement while under oath, (2) the statement was false, (3) the statement related materially to the bankruptcy case, (4) the debtor knew the statement was false, and (5) the debtor made the statement with fraudulent intent. *In re Olson*, 916 F.2d 481, 484 (8th Cir.1990); *In re Sowers*, 229 B.R. 151, 158 (Bankr.N.D.Ohio 1998). In the case before me, I cannot determine what statement Debtor is alleged to have made under oath. If Tomey is referring to specific items in the petition, schedules and statements, which are prepared under the penalty of perjury, he must identify the specific information he believes is false. Therefore, the complaint will be dismissed as to the question of denial of discharge under § 727(a)(4) with leave to file an amended count with greater specificity.

■ Under § 727(a)(5), "[t]he court shall grant the debtor a discharge, unless ... (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." *In re Kilroy* 354 B.R. 476, 498 (Bankr.S.D.Tex.2006). To establish a case under § 727(a)(5), the creditor "must prove which assets are 'missing.'" *Id.* (citations omitted). Once the creditor establishes a case, "the burden then shifts to the debtors to provide a satisfactory explanation for that loss." *Id.* (citations omitted).

In the matter before me, the complaint refers to a number of items of personal property that Debtor transferred pre-petition, such as bicycles, stereo equipment, and motor vehicles. According to the complaint, Debtor had repaired and sold stereo equipment and appliances and had reassembled bicycles from component parts of other bicycles. The complaint implies that Debtor either earned money from such activities and did not disclose it, or that his bankruptcy schedules failed to account for stereo equipment, appliances, or bicycles in his possession on the date of his petition. The complaint also alleged that Debtor owned five motor vehicles, including "a Chevy 6.2l diesel pickup, (2) Oldsmobile diesel cars, a wrecked Dodge cummins (sic) diesel pickup, [and] a 1956 Dodge panel truck." (Complaint, p. 2). However, the complaint does not state the value of any of the motor vehicles, bicycles, or stereo equipment. Thus, it is not possi-

ble to determine from the face of the complaint whether or not Debtor has failed to explain the loss of any items of a sufficient value to pay his debts. *See In re Stiff,* 519 B.R. 665, 672 (Bankr.E.D.Ky.2014) (denial of discharge under § 727(a)(5) not warranted where United States Trustee failed to prove loss of any asset of significant value). Therefore, if Tomey files an amended complaint that requests a denial of discharge under § 727(a)(5), he must allege the values of any relevant assets unaccounted for or lost by Debtor with greater specificity. If he believes items were sold for less than adequate value, he must be prepared to prove the value he asserts.

### D. *Is Tomey entitled to try his case before a jury?*

The Seventh Amendment to the United States Constitution provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

"Suits at common law" seek to enforce legal rights as contrasted with equitable rights. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). A proceeding questioning whether a debt should be excepted from discharge is equitable in nature. Therefore, in actions brought under § 523 there is no right to a jury trial. *Mattson v. Hawkins (In re Hawkins),* 231 B.R. 222, 235 (D.N.J.1999) (citing *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496 (7th Cir.1991)). Likewise, in an action to deny or revoke a debtor's discharge, neither party has the right to a jury trial because a complaint under § 727 is equitable in nature. *Clippard v. Russell*

*(In re Russell),* 392 B.R. 315, 373 (Bankr. E.D.Tenn. 2008); *Jaster v. Schmidt (In re Schmidt),* 188 B.R. 36, 38 (Bankr.D.Nev. 1995); *Nassau Sav. & Loan Assn. v. Trinsey (In re Trinsey),* 114 B.R. 86 (Bankr. E.D.Pa.1990). Even when the underlying claim is a legal claim and the parties would be entitled to a jury trial in state court, the issue of the discharge of debts is central to the bankruptcy process and within a bankruptcy court's authority to resolve without a jury. *Stanbrough v. Valle (In re Valle),* 469 B.R. 35, 43 (Bankr.D.Idaho 2012) (citing *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1124 (9th Cir.1997)). Therefore, I conclude that Tomey is not entitled to a trial by jury on either his request to except the loans from discharge or to deny Debtor's discharge.

### IV. Summary and Conclusion

Because Tomey's complaint does not conform to Fed. R. Bankr. P. 9010 or 9011, Debtor's motion to dismiss will be granted. However, Tomey will be granted thirty days from the date of the Order entered with this Opinion in which to file an amended complaint that conforms to the rules of procedure and that sets forth a plausible case to except the $4400 in loans from discharge and/or deny Debtor's discharge under § 727(a)(4) and (5) as discussed above. The cause of action brought under § 727(a)(3) is dismissed with prejudice, and Tomey's demand for a jury trial will be denied. An appropriate Order will be entered.